ROBERTS et al., by *Guardian*, v. WARE, *Appellant*.

**Homestead**: CONVEYANCE BY WIDOW: MINOR CHILDREN. Under section 5, Wagner's Statutes, page 698, notwithstanding the sale and conveyance of the homestead by the widow, the minor children, until they maintain their majority, are entitled to its exclusive possession as against her vendee.

*Appeal from Nodaway Circuit Court.*—Hon. H. S. Kelley, Judge.

Affirmed.

*Edwards & Ramsay* for appellant.

The widow being the head of the family, the domicile of the minor children must follow hers, and if she sell and convey the homestead and abandon it, the children are bound. *Howe v. Adams,* 28 Vt. 545 ; *Wright v. Dunning,* 46 Ill. 271 ; *Danton v. Woodbury,* 24 Iowa 74 ; *Orman v. Orman,* 26 Iowa 361 ; *Tadlock v. Eccles,* 20 Tex. 792 ; *Brewer v. Wall,* 23 Tex. 589 ; Thompson on Home., § 570.

*White & Alderman* for respondents.

Plaintiffs are entitled to the possession of the premises as the minor children of their deceased father.   Wag. Stat., p. 698, § 5 ; *Skouten v. Wood,* 57 Mo. 380.   Minor children are incapable either by act or declaration of abandoning their homestead right.   Thompson on Home., § 243 ; *Booth v. Goodwin,* 29 Ark. 633.   The acts of the widow did not affect their rights.   *Johnson v. Turner,* 29 Ark. 280 ; *Phipps v. Acton,* 12 Bush (Ky.) 375.

Ewing, C.—This is a suit in ejectment, by plaintiffs against the defendant, to recover possession of the south half of the southwest quarter section 14, township 65, range 37, containing eighty acres ; and also a certain part of lot 4 of the northwest fractional quarter of section 20, township 65, range 37.   The defendant, after denying specifically the allegations in the petition, says :

Defendant, for further answer and defense, states that on or about the —— day of January, 1874, David Roberts died intestate ; that prior to and at the time of his death, he was the husband of one Elizabeth Roberts, and was a housekeeper and the head of a family, and seized in fee simple

of and occupied the lands described in said petition, as and for his homestead; that said lands did not exceed ninety acres in all, and were of less value than $1,500; that immediately on the death of said David Roberts, said lands and homestead passed to and vested in fee simple in said Elizabeth Roberts, her heirs and assigns forever; that by the death of said David Roberts, as aforesaid, the plaintiffs, David Roberts and Mary F. Roberts, as her minor children, obtained a right to remain upon said homestead jointly with said Elizabeth Roberts, who is their mother, until they should attain their majority, unless they should sooner lose the same by abandonment; that after the death of said David Roberts, his said widow, Elizabeth, married one Lemuel Shirley, and afterward, to-wit, on the 15th day of August, 1877, said Elizabeth Roberts, then Shirley, sold the land described in said petition, being her homestead, as aforesaid, to the defendant, for the consideration of $200, to be paid by defendant; and at the date last aforesaid she, with her said husband, Lemuel Shirley, executed and delivered to defendant their joint deed of that date, signed, sealed and acknowledged by them, and that the said Elizabeth Shirley, at the date of the execution of said deed, and in pursuance of said purchase, wholly and forever abandoned said premises, together with her minor children, plaintiffs herein, to defendant, and delivered to him the possession thereof, which he still holds under said purchase and deed, claiming title to said premises thereunder, in fee simple; that said minor children by the said sale and abandonment of said homestead by their mother, have surrendered and lost their right of possession thereto.

The plaintiffs' reply denied that the land descended to and vested in Elizabeth Roberts and her heirs in fee simple; denied that she sold or intended to sell to defendant, anything more than her dower right; that Ware intending to cheat and defraud her, made false representations to induce her to sell and give possession of the premises, and denied

an abandonment by the plaintiffs, but that they are minors living with their mother and went with her.

The following admissions were made on the trial: "That David Roberts died, seized in fee simple of the south half of the southwest quarter of section 14, also ten acres being part of lot 4, of the southwest fractional quarter of section 20, all in township 65, range 37, in Nodaway county, Missouri; that at the time of his death, in January, 1874, he occupied said land as his homestead; that plaintiffs, David Roberts and Mary F. Roberts, are minor children of said David Roberts deceased, the one aged five and the other seven years, and are living with their mother; that Elizabeth Roberts, now Shirley, is the mother of said children, and was the widow of said David Roberts, deceased, and so remained until she married Lemuel Shirley; that said Lemuel Shirley and Elizabeth Shirley jointly executed a quit-claim deed for the land above described, for the consideration of $200, mentioned in the answer."

The other evidence was nearly altogether as to the value of the land, and as to the alleged fraud of the defendant in procuring the deed to the land in controversy. But as those questions are not material in this case, that evidence is not further referred to. The court below found for the plaintiffs, and the defendant, Ware, brings the case here on appeal.

The decision of this case depends on the construction of section 5 of the Homestead Law then in force. 1 Wag. Stat., p. 698. This section was passed upon as far back as 57 Mo. 380, in the case of *Skouten v. Wood*, where it was held that the widow and children took the same estate which was in the father at the time of his death; that at the death of the widow it would descend to her heirs subject to the homestead right of the children of the father during their minority. *Fruend v. McCall*, 73 Mo. 343; *French v. Stratton*, 79 Mo. 560. In this case, under the Homestead Law then in force, the widow and children took this land as a homestead. The widow in fee subject to the

homestead right of the minor children during minority. The widow cannot hold to the exclusion of the minor children, nor can they hold to the exclusion of the widow. It is a homestead for one as much as the other, and must be held as such. It cannot be divided up amongst those entitled thereto, but must be held as the home of the widow and children to the exclusion of all others. *Cqnole v. Hurt,* 78 Mo. 649. This being true, the vendee of the widow cannot oust the minor children during their minority. And they are entitled to the possession of the homestead premises to the exclusion of the defendant, and must recover in this suit. The object of the statute was to provide a homestead for the widow and children. Whatever right, if any, defendant Ware may have in the premises under his deed from the widow, will attach at the majority of the minor plaintiffs, provided he has a good and valid title to the widow's interest therein. We do not pass upon the validity of the deed from Mrs. Shirley to Ware, because that question is not before us.

The judgment of the circuit court is affirmed. All concur.