[No. 18225. In Bank.—September 13, 1894.]

HERMAN W. HOPPE ET AL., APPELLANTS, v. JULIA HOPPE, APPELLANT, W. A. FOUNTAIN, RESPONDENT; AND W. A. FOUNTAIN, RESPONDENT, v. JULIA HOPPE, APPELLANT, AND HERMAN W. HOPPE ET AL., INTERVENORS AND APPELLANTS.

PROBATE HOMESTEAD—TITLE OF WIDOW AND MINOR CHILDREN—POWER TO DESTROY HOMESTEAD.—A decree setting apart a homestead for the use of the family of the decedent, where no homestead has been selected, designated, or recorded in the lifetime of the husband, vests the title to the homestead in the widow and minor children; and it must remain as a homestead, without any power in either of the parties interested to destroy its quality as a homestead, until after all of the children shall have arrived at majority.

ID.—PARTITION OF HOMESTEAD.—The homestead must remain intact until the youngest child has reached its majority, and it is not competent for either of the other cotenants to have a partition until that period has

been reached, unless circumstances appear making it the duty of the court, for the benefit of the minor, to decree a partition or order the interest of the minor to be sold.

ID.—POWER OF WIDOW TO BIND HOMESTEAD.—The widow, as an owner of an undivided interest in the land set apart as a homestead, may mortgage or convey her interest subject to the homestead quality of the premises; but neither she nor her grantee or mortgagee can destroy the homestead property, or deprive the minor children of their right to occupy the homestead.

ID.—FORECLOSURE OF MORTGAGE—RIGHTS OF PURCHASER.—A purchaser at the foreclosure sale of a mortgage of the interest of the widow in the homestead set apart for the family by the probate court can obtain no rights as against the minor children, and the court, in the foreclosure proceedings, can have no right by reason of any covenant in the mortgage, or allegation in the complaint, to make any order or direct any act which would affect the rights of any of the minor children.

ID.—ANSWER OF WIDOW IN FORECLOSURE SUIT.—In an action to foreclose the mortgage made by the widow upon her interest, she has a right to set up in her answer the manner in which her title had been derived, and to show that the premises have been set apart as a homestead, and that their homestead quality had not yet ceased, for the purpose of informing the court of the extent of her interest and the nature of the estate which she had mortgaged; and upon these facts being brought to the attention of the court, its decree must be adapted to the rights of the respective parties to the action, so as to limit the right of the purchaser to enter upon the premises as a cotenant, after the determination of the homestead.

ID.—INTERVENTION—TITLE OF MINOR CHILDREN.—The title of the minor children is in no respect subject to the mortgage, and a demurrer to a complaint in intervention by them, in an action to foreclose the mortgage, is properly sustained.

ID.—PARTIES TO FORECLOSURE SUIT—TITLE NOT SUBJECT TO MORTGAGE.— Parties holding a title not subject to the mortgage should not be joined in a suit for foreclosure of the mortgage, and have no right to intervene in such action.

ID.—RECEIVER—COVENANT IN MORTGAGE—RIGHTS OF COTENANTS.—In the foreclosure of a mortgage made by one cotenant of his interest in the lands, the court will not, while the proceedings are pending, or after judgment, interfere with the rights of the other cotenants, or attempt to disturb their possession, and a covenant in the mortgage for the appointment of a receiver, or a prayer in the complaint for such appointment, must be disregarded by the court.

ID.—TENANCY IN COMMON—POWER OF COTENANT—It is not competent for one cotenant, either directly or through the aid of the court, to do any act which will impair the rights of the other cotenants.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Armstrong & Platnauer*, and *Armstrong, Bruner & Platnauer*, for Herman W. Hoppe *et al.*, Appellants.

The proper construction of the order setting apart the homestead is, that it was set apart for the use of the family, as the law directs the court to so set it apart. (*Sheehy* v. *Miles*, 93 Cal. 295.) It is the law, and not the phraseology of the order of the court, which directs the course of title, and vests it in the parties entitled to it. (*Rich* v. *Tubbs*, 41 Cal. 34; *Watson* v. *His Creditors*, 58 Cal. 556; *Tyrrell* v. *Baldwin*, 78 Cal. 470–76; *Herrold* v. *Reen*, 58 Cal. 443; *Estate of James*, 23 Cal. 415; *Estate of Burnes*, 54 Cal. 223; *Estate of Croghan*, 92 Cal. 370.) If the form of the order requires it to be construed as vesting, if valid, the title in the widow alone, the order is *coram non judice*, and void. (*Cohen* v. *Barrett*, 5 Cal. 210; *Meyers* v. *Kohlman*, 8 Cal. 44; *McDonald* v. *Katz*, 31 Cal. 167; *Harper* v. *Frelon*, 6 Cal. 76; *Hanscom* v. *Tower*, 17 Cal. 519; *Gilmer* v. *Lime Point*, 19 Cal. 47; *Dorsey* v. *Barry*, 24 Cal. 449; *Central Pac. R. R. Co.* v. *Pearson*, 35 Cal. 247; *Keema* v. *Dougherty*, 51 Cal. 3; *Iburg* v. *Fitch*, 57 Cal. 189; *California Furniture Co.* v. *Halsey*, 54 Cal. 315; *Smith* v. *Westerfield*, 88 Cal. 379.) If the legal title vested in the widow, then one-half thereof vested in her as a trustee for the minor children. (Civ. Code, sec. 2224; *Salmon* v. *Symonds*, 30 Cal. 301.)

*Henry C. Ross, Jr.*, for Julia Hoppe, Appellant.

The order setting apart the homestead relieved the property from administration, but did not direct the course of title. (*Estate of Orr*, 29 Cal. 102; *Rich* v. *Tubbs*, 41 Cal. 34; *Schadt* v. *Heppe*, 45 Cal. 434; *Estate of Burton*, 63 Cal. 36; *Watson* v. *His Creditors*, 58 Cal. 556; *Herrold* v. *Reen*, 58 Cal. 443; *Estate of James*, 23 Cal. 415; *Estate of Burns*, 54 Cal. 223; *Estate of Croghan*, 92 Cal. 370; *Sheehy* v. *Miles*, 93 Cal. 295.) After being set apart the title vested in the widow and minor children, one-half to the former and the other half to the minors, in equal shares. (Code Civ. Proc., sec. 1468.) A probate home-

stead is an entirety, and cannot be destroyed by the act of one of the parties interested therein. (Waples on Homestead and Exemption, 644; *Rhorer* v. *Brockhage*, 86 Mo. 544; *Rogers* v. *Mayes*, 84 Mo. 520; *Whittle* v. *Samuels*, 54 Ga. 548; *Showers* v. *Robinson*, 43 Mich. 512; *Roberts* v. *Ware*, 80 Mo. 363; *Kochling* v. *Daniel*, 82 Mo. 54; *Miller* v. *Marckle*, 27 Ill. 405; *Walters* v. *People*, 21 Ill. 178; *Johnston* v. *Turner*, 29 Ark. 280; *Canole* v. *Hurt*, 78 Mo. 649.) If the alleged mortgage creates any lien at all on the interest of Julia Hoppe (but we submit it does not), it cannot be enforced until the youngest child attains its majority. (*Roberts* v. *Ware*, 80 Mo. 363.) The homestead cannot be partitioned. (*Rhorer* v. *Brockhage*, 86 Mo. 544.) The mortgage by the widow is void. (*Moses* v. *McClain*, 82 Ala. 370, and cases therein cited; *McIntosh* v. *Parker*, 82 Ala. 238; *Shorman* v. *Eakin*, 47 Ark. 351; *Merriam* v. *Boston etc. R. R. Co.*, 117 Mass. 241; *Pells* v. *Webquish*, 129 Mass. 469.)

*Clinton L. White*, for Respondent.

The order creating the homestead vested the entire title thereto in the widow. (*Estate of Boland*, 43 Cal. 642; *In re Moore*, 96 Cal. 522; *Estate of Moore*, 57 Cal. 437.) The homestead decree cannot be attacked collaterally. (Bigelow on Estoppel, 145; *Alderson* v. *Bell*, 9 Cal. 315; *In re Newman*, 75 Cal. 220; *State* v. *McGlynn*, 20 Cal. 233; 81 Am. Dec. 118; *Irwin* v. *Scribner*, 18 Cal. 499; *In re Griffith*, 84 Cal. 107; *Goldtree* v. *McAlister*, 86 Cal. 93.) The widow had the right to mortgage her interest in the homestead (Civ. Code, sec. 2947; 1 Jones on Mortgages, sec. 136), and the fact that the estate was still in course of administration is no defense to an action of foreclosure. (*Cook* v. *De La Guerra*, 24 Cal. 237.) A title paramount and hostile to the title of the mortgagor and mortgagee cannot be litigated in an action of foreclosure. (*Cody* v. *Bean*, 93 Cal. 579.)

Harrison, J.—The first of these actions, *Herman W. Hoppe et al.* v. *Julia Hoppe and W. A. Fountain*, was to

CIV. CAL.—7

obtain a partition between the plaintiffs and Julia Hoppe of the lands described in the complaint, Fountain being a party defendant because he claimed to be a mortgagee of the whole of the premises under a mortgage executed by the defendant, Julia Hoppe.

The second of the actions was afterwards brought by Fountain against Julia Hoppe to foreclose said mortgage, and the plaintiffs in the first action intervened in the second, and, by order of the court, the two actions were consolidated.

Fountain demurred to the complaint in partition, and also to the complaint in intervention, and to the answer of Julia Hoppe in the foreclosure case, and these demurrers were each sustained, and judgment dismissing the action for partition and the complaint in intervention and foreclosing the mortgage was entered. The intervenors and Julia Hoppe separately appeal from the judgment upon the judgment-roll, and a bill of exceptions setting out the order consolidating the actions and exceptions to the rulings upon demurrer. The facts set out in the several pleadings demurred to are substantially the same, and show the following facts.

F. W. Hoppe died August 10, 1881, leaving the appellant, Julia, his widow, and nine children, of whom these intervenors were minors, the others being of full age. At the time of his death he was possessed of a tract of land upon which he and his family resided, containing about one hundred and sixty acres, situated in Sacramento county, the same being community property. The widow was appointed administratrix, and on October 1, 1891, filed an inventory and appraisement of the estate, wherein said land was appraised at four thousand dollars. She also filed a petition praying for an order setting aside said land, with the dwelling-house thereon, "for the use of the family of deceased," and alleged that the family consisted of herself and nine children, all of whom were named therein, but their ages were not given, nor was it alleged that any of them were minors. Upon this petition, on the seventh day of October, 1881,

the court made an order, of which the following is a
copy:

"IN THE MATTER OF THE ESTATE OF F. W. HOPPE,
DECEASED.

"Julia Hoppe, the administratrix of the estate of F. W.
Hoppe, deceased, having on the twenty-first day of
September, 1881, made application to the court by peti-
tion for an order setting apart for the use and *benefit of*
*the family of said deceased the real estate* mentioned in
said petition, together with the improvements thereon,
as a homestead; and it duly appearing, to the satisfac-
tion of the court, from the papers on file in the matter
of said estate and other evidence that said deceased was
a resident of Sacramento county at his death, and left
estate therein; that letters of administration were duly
issued to said Julia Hoppe on the fifth day of Septem-
ber, 1881, and said administratrix duly returned an
inventory and appraisement of said estate; that the
family of said deceased consist of said Julia Hoppe, his
widow, and Emma, Frank, Edward, Othelie, Clara,
Robert, Herman, Louis, and Lena Hoppe, his children;
and that said applicant, Julia Hoppe, is entitled to have
the said premises set apart to her for a homestead, and
that the same does not exceed in value five thousand
dollars.

"It is hereby ordered, adjudged, and decreed that all
that certain piece or quantity of land lying and being
in the county of Sacramento, and state of California, and
particularly described as follows . . . . be and the same
is hereby set apart to the widow of said F. W. Hoppe,
deceased, as a homestead, and shall not be subject to
administration."

The complaint in intervention further alleged that in
the application for letters of administration the names
of the intervenors were stated, together with their
respective ages; that no homestead had been selected,
declared, or recorded by F. W. Hoppe and his wife,
or either of them, prior to his death; that at the time

said homestead was set apart they were minors, the eldest being then fourteen years old, and the youngest five; that the court did not fix a day for the hearing of said petition; that no notice was given in any manner of the hearing; that they had no notice of the hearing; that they had no guardian, general or special, and that they were not represented at the hearing by attorney appointed by the court or by any person.

On December 20, 1888, Julia Hoppe executed a mortgage upon the whole of the homestead to respondent Fountain, to secure the sum of five thousand dollars, and it was this mortgage which was foreclosed; and in regard to the mortgage it was alleged that Fountain took it with full knowledge of all the facts.

1. The decree setting apart the homestead vested the title thereto in the minor children and the mother. No homestead had been selected, designated, or recorded in the lifetime of the husband, and the application for the homestead, together with the order setting it apart, was made under the provisions of section 1465 of the Code of Civil Procedure. By the terms of that section the homestead thus set apart is "for the use of the surviving husband or wife, and the minor children"; and by the provisions of section 1468, when property is thus set apart to the use of the family, "the one-half of such property shall belong to the widow or surviving husband, and the remainder to the child, or in equal shares to the children, if there be more than one." "The term *family* throughout the chapter is used as synonymous with and as representing the surviving wife or husband and children, if any." (*Phelan* v. *Smith*, 100 Cal. 170.) Whether, therefore, the order setting it apart is to be construed in connection with the application, or whether the mother is to be regarded as having taken the title in trust for the minor children, is immaterial; in either case the homestead was set apart "for the use of the family," and "belongs" to the widow and minor children; and is to remain as a homestead without any power in either of the parties inter-

ested to destroy its quality as a homestead, until after all of the children shall have arrived at majority.

2. The court properly sustained the demurrer to the action in partition. The homestead is a place of abode for the family, and no act of any member of the family can in any way prejudice the rights of the others to occupy it. It must remain intact until the youngest child has reached its majority. Hence, it is not competent for either of the other cotenants to have a partition until that period has been reached. (*Phelan* v. *Smith*, 100 Cal. 170; *Trotter* v. *Trotter*, 31 Ark. 145; *Hoffman* v. *Neuhaus*, 30 Tex. 633; 98 Am. Dec. 492; *Keyes* v. *Hill*, 30 Vt. 759; *Roberts* v. *Ware*, 80 Mo. 363.) We do not mean to say that no case can arise where a court would not authorize the partition or sale of a homestead. Circumstances might exist where it would be the duty of the court, for the benefit of the minor, to decree a partition or order the interest of the minor to be sold. But this qualification need not be discussed.

3. As the owner of an undivided interest in the land, it was competent for the mother to mortgage or convey such interest. She could not, however, confer upon her grantee or mortgagee any greater rights in the premises than she herself held. As she could not destroy the homestead quality of the premises, or deprive the minor children of their right to occupy the homestead, any grantee of her interest must take it subject to the same limitations. A purchaser at the foreclosure sale can obtain no greater rights than would her immediate grantee, and the court in the foreclosure proceedings would have no right by reason of any covenant in the mortgage, or allegation in the complaint, to make any order or direct any act which would affect the rights of any of her cotenants. For the purpose of informing the court of the extent of her interest and the nature of the estate which she had mortgaged, it was proper for her to allege in her answer the manner in which her title had been derived, and to show that the premises

had been set apart as a homestead, and that their homestead quality had not yet ceased. Upon these facts being brought to the attention of the court, the decree it might make would be adapted to the rights of the respective parties to the action. As the purchaser under the decree would not have a right of entry upon the premises as a cotenant until the termination of the homestead, that limitation should be included in the decree under which the sale should be made. The demurrer to the separate answer of Mrs. Hoppe should, therefore, have been overruled.

4. The court properly sustained the demurrer to the complaint in intervention. The title of the intervenors was in no respect subject to the mortgage, and the rule is well settled that parties holding such title should not be joined in a suit for the foreclosure of the mortgage (*Ord* v. *Bartlett*, 83 Cal. 428; *Cody* v. *Bean*, 93 Cal. 579); and their presence as intervenors is as equally unauthorized as though they had been made defendants. As the mortgage of their cotenant could not impair their rights, there was no occasion for them to intervene to protect their rights. The only object to be accomplished by the foreclosure is to transfer to the purchaser under the decree the same title that was conveyed by the mortgagor, and upon receiving the sheriff's deed such purchaser will be placed in the same attitude to the other cotenants as was the mortgagor. In the foreclosure of a mortgage made by one cotenant, of his interest in lands, the court will not while the proceedings are pending, or after judgment, interfere with the rights of the other cotenants, or attempt to disturb their possession; and any allegations in the complaint of a covenant in such mortgage for the appointment of a receiver, or any prayer in the complaint for a receiver, will be disregarded by the court, for the reason that it is not competent for one cotenant, either directly or through the aid of the court, to do any act which will impair the rights of the other cotenants.

The judgment is reversed, and the court below is

directed to overrule the demurrer of the respondent to the answer of the defendant.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J., and GAROUTTE, J., concurred.