**ROBERSON et al. v. HURST.**

No. 9652—Opinion Filed April 13, 1920.

On Rehearing, Jan. 4, 1921.

(Syllabus by the Court.)

1. **Homestead — Conveyance—Validity—Unmarried Owner.**

The laws of this state do not prohibit the unmarried owner of land impressed with the homestead character from executing a valid deed therefor or mortgage thereon, without the consent of the members of his family.

**2. Same — Wills — Devise of Homestead— Construction.**

Record examined, and held, (1) that the will herein involved, assuming, as the parties do, the same to be valid, devised the entire estate to Henrietta Roberson subject to the limitations therein set out, with a contingent remainder over to her minor children; (2) that in these circumstances Henrietta Roberson was authorized by the terms of the will to execute the instruments herein involved.

On Rehearing.

**3. Wills—Rights of Child Unprovided For.**

Where a father makes a will and a child is born thereafter, either in the lifetime or after the death of the father, leaving such child unprovided for by any settlement, nor provided for nor mentioned in any way in the will, by virtue of section 8371, Rev. Laws 1910, the child succeeds to the same portion of the testator's real and personal estate that he would have succeeded to if the testator had died intestate, and such child does not acquire his property by virtue of the will, but by inheritance, as if the testator had died intestate.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Lulu Hurst against Henrietta Roberson and others. Judgment for plaintiff, and defendants bring error. On rehearing, affirmed in part and reversed in part.

Champion & George and Moore & West, for plaintiffs in error.

Cruce & Potter, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, upon certain promissory notes and to foreclose certain mortgages given to secure their payment. The action also involved the foreclosure of a materialman's lien, but, as the action of the trial court on this breach of the case was not appealed from, no notice need be taken of it.

The petition, after describing these notes and mortgages, further alleged, in substance, that on the 5th day of April, 1916, the said Henrietta Roberson, in consideration of $6,837.70, this being the amount due on said notes, executed to Lula Hurst a warranty deed to the property hereinbefore referred to, at which time said Lula Hurst employed the said Henrietta Roberson to act as her agent in renting out said property; that if the court should hold that said deed should be construed to be a mortgage, the covenants and conditions therein were broken on account of the defendant Henrietta Roberson's failure to turn over to Lulu Hurst the rents

and profits accruing therefrom. Wherefore the plaintiff prayed, first, that the deed made by Henrietta Roberson to this plaintiff be declared to be a valid deed and to convey to this plaintiff a good and perfect title to said lot; second, if this could not be done, then that judgment be rendered against Henrietta Roberson for her said debts and costs and attorneys fees and for the foreclosure of said mortgages, and that said property, or so much thereof as might be necessary to pay her debt, interest, and costs, be sold as the court might direct.

The lot involved was devised to the defendant Henrietta Roberson and her minor children by the last will and testament of John A. Roberson, deceased, the husband and father of these defendants, respectively, and the answers to the petition necessary to notice are the answer of the Roberson children and the answer of Henrietta Roberson.

The answer of the minor heirs alleged, in substance, that John A. Roberson, deceased, and the defendant Henrietta Roberson were lawfully married; that they lived together as husband and wife on the property in question until the death of John A. Roberson; that at the time of the death of John A. Roberson the lot in controversy was occupied by him, his wife and minor children as a homestead, and that since his death it has been occupied by Henrietta Roberson and said minor children as a homestead. They then set up the will and denied that Henrietta Roberson had authority thereunder to convey their interest in said property by deed, mortgage, or otherwise, and that she ever conveyed their homestead right to and in the same; and further alleged that if the plaintiff had any lien upon said property by virtue of said mortgages, deed, or otherwise, the same was subject to their homestead right and could not be enforced against said premises until the homestead right of all of them had become extinct.

The answer of Henrietta Roberson was substantially the same as the answer of the minor heirs, except she alleged in addition that she had no title or interest to the property in question up to the time of the death of John A. Roberson other than the right of homestead; that the will of said deceased was duly probated; that by its terms she was named executrix, without bond, and guardian of the minor children; that the land in question was set aside as a homestead for the defendant and her minor children; that by the terms of said will she became vested of an undivided one-sixth interest of said real estate and the children of the remaining five-sixths.

Upon trial the court found that the notes and mortgages were executed as alleged by the plaintiff, that taxes were paid as alleged, and that there was due the plaintiff by the defendant Henrietta Roberson the sum of $7,190.95, with costs and attorneys' fees. Whereupon decree was entered, foreclosing the mortgages and ordering the property to be sold and the proceeds realized from the sale to be applied upon the indebtedness due the plaintiff, Lulu Hurst. It is to reverse this judgment and decree that this proceeding in error was commenced.

Counsel for plaintiffs in error in their brief summarize their grounds for reversal under three propositions, as follows:

"First Proposition. The mortgages sued upon are void as to the minors, who are plaintiffs in error, both as to their individual interest in the property involved and also their homestead rights."

"Second Proposition. The mortgages executed by Henrietta Roberson to Lulu Hurst could not affect the interest of the minors in the homestead or their interest in fee to the premises in question by virtue of the will of their father, John A. Roberson."

"Third Proposition. The mortgages executed by Henrietta Roberson are void in so far as they attempt to affect her homestead right, or her interest in fee."

As all of the instruments mentioned in the plaintiff's petition were executed by Henrietta Roberson in her individual capacity and all the parties to the action concede the validity of the will of John A. Roberson, deceased, it is obvious that whether Henrietta Roberson had authority to execute the various instruments affecting the title to this land turns upon the construction of the will of John A. Roberson, deceased.

The fourth paragraph of the will provides that:

"All of my real estate of any kind and every kind shall go to my said wife, Henrietta Roberson, and her three minor children, * * * provided that my said wife, Henrietta, shall have absolute control of said estate during the minority of any and all of said minors with all the authority above mentioned."

This provision, standing alone, probably would have the effect of devising an undivided one-sixth interest of the estate to Henrietta Roberson and the remaining five-sixths to the children, as contended for by counsel for the plaintiffs in error. But upon further examination of the will we find "the authority above mentioned," referred to in the fourth paragraph of the will, to be of the most sweeping nature. After declaring that Henrietta Roberson shall be designated the sole executrix of the will without bond, and without obtaining any appointment or being in any manner subject to the control of any probate court or any court having probate jurisdiction, the will further provides that:

"My said wife, Henrietta Roberson, shall have full control and management of my entire estate after my death and so long as she may live with full power and authority to lease, let and rent any of my real estate and if in her opinion it shall be necessary for the support, education and maintenance of her minor children, or either of them as for the best interest of my said estate, she shall have the full power to sell any part of my estate and if she shall so prefer to reinvest the proceeds of said estate for the benefit of herself and her minor children."

The will further directs that Henrietta Roberson shall be the guardian and custodian of her said minor children as well as of their estate without giving bond as such guardian.

It seems to us that the effect of these provisions of the will is to vest the estate in Mrs. Roberson in fee, with a contingent remainder to the heirs. The only limitations imposed upon the authority of Mrs. Roberson to deal with this lot were whether in her opinion such action was necessary for the support, education, and maintenance of her minor children or for the best interest of the estate. If these circumstances existed, and there is no contention that they did not, it seems to us that Mrs. Roberson exercised full control over the lot; to lease, let, or sell the same in precisely the same manner as an owner in absolute fee simple. It is true that the power to mortgage is not specifically conferred in the will, but this would be included in the power to exercise full control or in the greater power to sell, which were specifically granted.

This construction of the will, it seems to us, makes untenable the three propositions of counsel stated above. In each of these propositions stress is laid upon the homestead character of this lot, and counsel in their brief seem to take the view that the homestead character of the lot in some way militated against the right of Henrietta Roberson to deal therewith. We are unable to perceive how the homestead character of the lot affects any of the transactions involved herein. We know of no statute, and none has been pointed out to us, which prohibits a husband, owning land impressed with the homestead character, from willing the same to his wife. Indeed, the will involved herein, which does this, is not attacked upon that ground. The will, as we understand counsel, is conceded to be valid. If it is valid, and if, as we hold, it vests the title to the real

estate in the wife subject to the limitations hereinbefore pointed out, we know of no reason why, within these limitations, the wife, while she remained unmarried, was not at liberty to execute the instruments involved herein, notwithstanding the homestead character of the land. It is only the spouse of the owner of land invested with the homestead character who is required by statute to join in the conveyance thereof in order to make the same valid. In other words, although the land thus impressed is the homestead of the family, the family is not required to join in a conveyance thereof by the owner.

For the reasons stated, we think ·the judgment of the court below is right and should be affirmed.

OWEN, C. J., RAINEY, V. C. J., and PITCHFORD, JOHNSON, HIGGINS, McNEILL, and BAILEY, JJ., concur.

---

On Rehearing.

McNEILL, J. On rehearing, the court's attention is called for the first time to the fact that the minor Jerome Roberson did not acquire his interest in the estate through the will. The will mentions three children of the testator by his last wife, to wit, Margaret Roberson, Lillian Roberson, and Albert Roberson, and does not mention Jerome Roberson, nor make any provision for any child born after the execution of the will. The evidence discloses that Jerome Roberson was born after the execution of the will, but prior to the death of the testator. His rights in the estate are controlled by section 8371, Rev. Laws 1910:

"Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, and dies leaving such child unprovided for by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to· if the testator had died intestate."

The facts bring Jerome Roberson squarely within this provision of the statute. He did not derive his interest in the property by virtue of the will, but takes direct by inheritance from his father, as if his father had died intestate, as provided in section 8373, Rev. Laws 1910. The provisions of the will granting to Henrietta Roberson, the wife and executrix, authority to sell, convey, or mortgage the property gave her no such authority as to the interest of the minor Jerome Roberson, as his interest in the property is not subject to the provisions of the will. What portion of the estate did he inherit? The record discloses that this property was obtained by Mr. Roberson by patent from the Choctaw and Chickasaw Nations in 1905, and during his marriage with the last wife. The deceased died intestate as to Jerome Roberson, and his interest is ascertained by determining how the property would descend if there were no will. The wife would inherit one-third of the property and the remaining two-thirds would be equally divided between the eleven children of the deceased, to wit, the seven children by his first marriage and the four children by the last marriage. Jerome Roberson would inherit one-eleventh of two-thirds, or two thirty-thirds, of said property. The judgment of the district court is therefore affirmed as to all parties except as to Jerome Roberson, and reversed as to him, with directions for the district court to enter judgment for the said Jerome Roberson for two thirty-thirds of said property.

· HARRISON, V. C. J., and KANE, JOHNSON, HIGGINS, and COLLIER, JJ., concur.