### HOGAN v. REIKER et al.

No. 10450—Opinion Filed March 14, 1922.

Rehearing Denied April 18, 1922.

(Syllabus.)

1. **Homestead—Validity of Mortgage on Surviving Wife's Half-Interest.**

Where the husband bequeathed to the wife an undivided one-half interest in the homestead, the title to which was in him, and the other one-half to the minor children, providing in the will that the homestead should be held intact and not divided or sold until the youngest child attain the age of 21 years, or, in case of his decease, until the next youngest attain said age, and after the death of the husband and the probate of his will the wife remarried, and thereafter she, joined by her husband, executed a note and mortgage covering her interest  he homestead, and after default the holder of the note and mortgage brought suit seeking personal judgment against the makers of the note and foreclosure of the mortgage on the wife's interest in the homestead, held, that the holder of the mortgage was not entitled to a decree foreclosing the same upon the interest of the wife.

2. **Same—Judgment—Affirmance.**

Record examined, and the judgment of the trial court refusing the foreclosure of the mortgage is affirmed.

Error from District Court, Logan County; John P Hickam, Judge.

Action by S. W. Hogan against Bettie B. Reiker and others to foreclose mortgage. Judgment for defendants, and plaintiff brings error. Affirmed.

Fred W. Green, for plaintiff in error.

O. R. Fegan, for defendants in error.

JOHNSON, J. The plaintiff in error, S. W. Hogan, as plaintiff below, commenced an action in the district court of Logan county, on the 15th day of December, 1917, against Bettie B. Reiker, Geo. P. Reiker and Bettie B. Reiker, executrix of the estate of William Reiker, deceased, to recover personal judgment against the defendants, Bettie B. Reiker and Geo. P. Reiker, in the sum of $880, with interest at the rate of ten per cent. per annum from the 10th day of April, 1916, and for a further judgment of foreclosure against all of the defendants of a real estate mortgage given to secure said sum upon an undivided one-half of the N. E. ¼ of section 23, T. 15 N., R. 4, west of the Indian Meridian, containing 160 acres.

The petition was in the usual form, and attached thereto was a copy of the note and mortgage sued upon.

The answer of the defendants was, first, a general denial; and, second:

"For further answer, the defendants allege that the land referred to in the petition formerly belonged to William Reiker, who is now dead. That prior to the execution of the note and mortgage sued upon William Reiker died in Logan county, Okla. That at the time of his death, said property was the homestead of William Reiker and Bettie Reiker, his wife, and also of a number of minor children of said parties. That on March, 1907, the said William Reiker duly executed a will, a copy of which is hereto attached, marked 'Exhibit A' and made a part hereof. That thereafter, and before the execution of the note and mortgage sued upon, William Reiker died and

said will was duly probated and Bettie Reiker appointed executrix thereunder. That said real estate has always been and is now the homestead of the said Bettie Reiker and the children of her and said William Reiker and that said children are not yet of age, and that the youngest child, a boy, is now twelve years old. That by the terms of said will, said real estate could not be divided, sold, or conveyed prior to the maturity of the youngest of said children. And that, therefore, there was no power or authority to execute the mortgage on said property herein sued upon, and that said mortgage was for that reason void and of no effect. That plaintiff was at all times cognizant and chargeable with notice of said facts"

—and, third:

"Defendants further allege that the minor children aforesaid are necessary parties to this litigation, and that the action cannot legally proceed to judgment without their presence."

The prayer of the answer was that the mortgage be cancelled and held for naught, and that no judgment be rendered herein affecting said real estate, and for costs of suit, and for all other proper relief. As a part of said answer there was set up a copy of the will of William Reiker, deceased, and that part of the will affecting this case and the land to be foreclosed reads as follows:

"Second. After the payment of just and legal debts, I do devise and bequest that my estate, both real and personal, of every kind and character, be and the same to be devised as follows:

"One half to Bettie Reiker, 'my wife.' The other half to be divided equally between my three children. Daisy D. Shepley, formerly Daisy D. Reiker, Jennie Dell Reiker, and William Leonard Reiker. I desire that the west half of the northwest quarter of section twenty-three (23), township fifteen (15) north of range four (4) west be sold, also the personal property to pay debts with.

"I desire that the homestead, the northeast quarter of section twenty-three, township fifteen, range four, west, be held intact and together and not to be divided or sold or conveyed, and no division of same to be had until after the youngest of my said children, to wit: William Leonard Reiker, is twenty-one years old or in case of his death, then till the next youngest shall reach said age.

"In the furtherance of this, I desire that the judge of the probate court or those who are in authority to appoint Bettie Reiker 'my wife,' executrix to put this, my request into execution."

With the issues thus joined the plaintiff filed a demurrer to the answer of the defendants and motion for judgment on the pleadings, and after an argument upon the same the court rendered the following judgment:

"That the plaintiff have and recover of and from the defendants, Bettie B. Reiker and George P. Reiker, a personal judgment in the sum of eight hundred and eighty ($880) dollars, with interest at ten (10%) per cent. per annum from the 10th day of April, 1916, until paid, and for costs of action and all accruing costs, and for the further sum of eighty ($80) dollars as attorney's fees.

"That said motion for judgment upon the pleadings and said demurrer be and the same are hereby overruled, in this, to wit: That plaintiff be and he is hereby denied the right of a mortgage lien upon the undivided one-half of the northwest quarter of section twenty-three, township fifteen, north of range four, west of the Indian Meridian, and is denied the right to foreclose his mortage upon the same, to which ruling of the court the plaintiff at the time excepted, which exceptions were duly allowed by the court."

The plaintiff elected to stand upon his demurrer and motion, and filed a motion for a new trial alleging: (1) That said judgment is contrary to law; (2) error of the court in not fully sustaining plaintiff's demurrer to defendants' answer; (3) error of the court in not fully sustaining plaintiff's motion for judgment on the pleadings; (4) error of law by the court in refusing to render judgment in favor of plaintiff and establishing his mortgage lien upon the real estate described and giving the plaintiff the further right to foreclose the same—which was overruled by the court, from which action of the court the plaintiff appealed, which appeal is brought to this court by duly certified transcript of the record.

The plaintiff's assignments of error in this petition in error are the same, in substance, as the allegations in his motion for new trial, with the addition that the court erred in overruling the motion of the plaintiff for a new trial as filed therein, concerning which counsel for plaintiff say in their brief:

"The motion for new trial sets out the grounds of error, and they conform with the allegation of the petition in error, and will be discussed under one heading, and on the sole theory that the court committed error of law in denying the right of the plaintiff in error to his mortgage lien upon an undivided one-half interest of Bettie Reiker in the property described in the mortgage"
—and pray that the judgment of the lower court be reversed and modified in so far as it denies to the plaintiff in error his rights under the mortgage on the undivided one-half interest of Betty Reiker.

Counsel for defendants in error say in their brief that "defendants in error, therefore, respectfully submit that the children of William Reiker, deceased, are necessary parties to this case under the terms of the

will of the said William Reiker, deceased, and under the law, the mortgage herein involved is void, and that the judgment of the lower court should be affirmed."

It is clearly apparent from the pleadings of the parties and the exhibits thereto attached that the land in question was formerly the homestead of William Reiker, deceased, and the defendant Bettie B. Reiker, the title to which was in the name of William Reiker, deceased, and that by the will of the said William Reiker, deceased, one-half of all his property, both real and personal, was bequeathed to his wife, the said Bettie B. Reiker, and the other one-half to be divided equally between his three children, and directed that the homestead, the land in controversy, be held intact and together, and not to be divided or sold or conveyed, and no division of same to be had, until after the youngest child, William Leonard Reiker, is 21 years old, or, in case of his death, then till the next youngest shall reach said age. After the death of the said William Reiker, and on the — day of May, 1907, Bettie B. Reiker was appointed executrix of said will, and thereafter on the 10th day of April, 1916, she, joined by her then husband, George P. Reiker, executed the note and mortgage sued upon.

The court rendered a personal judgment in favor of the plaintiff and against the defendants, Bettie B. Reiker and George P. Reiker, which decree is not complained of by either party. The defendants in error urge that the decree of the trial court refusing to foreclose the mortgage should likewise be affirmed, for the reason, they say, that under section 1143, Rev. Laws, 1910, and the provisions of the will, said mortgage was void.

With all this contention of counsel we cannot agree. It is contended that the land in controversy was the homestead of Bettie Reiker and her deceased husband, William Reiker, in his lifetime, and their minor children, and it is clearly apparent from the pleadings and exhibits of the parties that the land at the time of execution of the note and mortgage was the homestead of the defendant Bettie B. Reiker, her minor children by her former husband, and her husband, George P. Reiker, by whom she was joined in the execution of the note and mortgage to the plaintiff.

Under the provisions of the statute, supra, a mortgage upon a homestead, in order to be valid, must be in writing and subscribed by both husband and wife, which was done in the instant case. The statute does not require that the mortgage be executed by the children members of the family, nor in case of default in the mortgage, as alleged in the petition of plaintiff, were the minor children necessary parties to the foreclosure proceedings, as their rights are not affected thereby.

Section 8405, Rev. Laws 1910, provides that:

"Testamentary dispositions, including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death."

Section 8406, Rev. Laws 1910 provides:

"A testamentary disposition, when vested, cannot be divested unless upon the occurrence of the precise contingency prescribed by the testator for that purpose."

The provisions of the will were that the property should be held intact and together, and not to be divided or sold or conveyed and no division of same to be had until the youngest child became 21 years of age, etc.

In passing generally upon the right of the surviving wife to mortgage her interest in the homestead, this court, in the case of Shawnee Nat. Bank v. Van Zant, Adm'x, 84 Okla. 107, 202 Pac. 285, in the 8th paragraph of the syllabus, said:

"The surviving wife may mortgage her interest in the homestead, although the mortgagee or purchaser at the mortgage sale would have no right to possession of any part of the homestead during the minority of any of the children." Citing with approval, in support thereof, Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220; The Supreme Court of California, in the case of Hoppe v. Hoppe, 37 Pac. 894.

The note and mortgage were valid as to the wife, but, under the terms of the will, the foreclosure of the latter was postponed until the youngest child became 21 years of age, or, in case of his death, until the next one named attained that age, or until his death, should he die before attaining that age. The limitation in the will against selling or conveying the land directly is likewise a limitation against a sale by any indirection. The principle here announced was involved in the case of Roberson et al. v. Hurst, 80 Okla. 115, 190 Pac. 402. In that case as in this, the testator disposed of all his estate, including the homestead, by will, granting to the wife full power to sell any part thereof, etc., and there, as here, the widow executed a note and mortgage to secure the same upon the real estate and the holder thereof brought a foreclosure suit upon the same.

This court, in passing upon the question involved, in the Roberson Case, supra, in the body of the opinion, said:

"It is true that the power to mortgage is not specifically conferred in the will, but this would be included in the power to exercise full control, or in the greater power to sell, which was specifically granted."

The converse of the proposition is true, and the rule is applied in the instant case, that is, the power to mortgage is not specifically restrained, but the greater power to sell is restrained, and thereby the lesser power to mortgage is included and likewise within the limitation of the will.

Therefore the judgment of the trial court is in all things affirmed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.