## AHRENS v. CROSSLEY et al.

No. 17815.   Opinion Filed Jan. 24. 1928.

(Syllabus.)

**Vendor and Purchaser—Merchantable Title —Title of Trustee in Express Trust with Power to Convey Created by Will.**

Where a testator, by apt language in his will, has created an express trust vesting in his trustee the full legal title to the property, but providing that at the expiration of 20 years, or at her death, title to the property devised shall vest in their three children, but giving her express authority to sell or dispose of such property at her discretion at any time during her lifetime within said 20 years, a warranty deed properly executed by her after probate proceedings constitutes merchantable title.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by Alberta V. Ahrens against Ollie Crossley, John H. Miller, and Darrell C. Miller, copartners as the John H. Miller Company.   Judgment for defendants, and plaintiff appeals.  Affirmed.

Bell & Fellows and Stanley D. Campbell, for plaintiff in error.

J. J. Henderson, for defendants in error.

PHELPS, J.  The parties occupy the same relative position here as they occupied in the trial court, and will therefore be referred to as plaintiff and defendants.

Plaintiff, Alberta V. Ahrens, entered into a written contract to purchase from Ollie Crossley, one of the defendants. the real estate located in the city of Tulsa constituting the subject-matter of this litigation, the contract providing that the purchase price of $9 000 should be paid as follows: $500 upon the execution of the contract "which is deposited with the John H. Miller Company as part of the consideration of the sale," $2,500 on delivery of the deed, and the remaining $6,000 to be evidenced by three promissory notes of $2,000 each.

· The contract provided that:

"The seller shall, within 30 days from the date hereof, deliver to the buyer at the office of the John H. Miller Company a complete abstract brought down to date, showing a merchantable title or a guaranty policy of title insurance.   The buyer shall have 15 days after such delivery of abstract to examine the same.

"Upon the approval of the title, the seller shall deliver for the buyer at the office of said the John H. Miller Company a warranty deed, properly executed and conveying said property. * * * "

It appears that the transaction was never consummated and plaintiff brought suit in the common pleas court of Tulsa, against the defendants, for the return of the $500, and from a judgment of that court in favor of defendants, plaintiff prosecutes this appeal.

It appears that defendant Ollie Crossley and her husband, Isaac S. Crossley, each owned an undivided one-half interest in this property and that prior to his death Isaac S Crossley made his will in which he devised this property to his wife, Ollie Crossley, in this language:

"I give and devise to my beloved wife, Ollie Crossley, the following described properties, to wit: (Here the property in question, together with other property, is described), in trust, however, to be used and controlled absolutely by my said wife, Ollie Crossley, for the use and benefit of my said wife, to have and to receive the rents, issues and profits therefrom for the period of 20 years from my death, if she should so long live, or desire, but in no event to exceed 20 years from the date of my death.

"I further expressly authorize and empower my beloved wife, Ollie Crossley, to sell and dispose of any, or all of the aforementioned property at any time she may desire within her lifetime, or within said 20 years, and to make, execute and deliver, a good and sufficient deed thereto, convey-

ing all of the title to said property, and to reinvest the proceeds thereof in other property, if she sees fit, or if she so desires, she may distribute all or any part of the proceeds thereof to the hereinafter named parties, and in proportion as follows:

"To Guey W. Crossley, one-fifth;

"To Eula Gilchrist, two-fifths;

"To Carl Z. Crossley, two-fifths

—provided that in the event of the death of the said Ollie Crossley before the expiration of said 20 years, or upon the expiration of said 20-year period, or in either event, the remaining part or portion of the property last described shall be divided and distributed among the above described Guey W. Crossley, Eula Gilchrist, and Carl Z. Crossley, in the proportions above set forth."

This will was admitted to probate, went through the regular proceedings, and distribution of the estate was made thereunder according to the terms of the will, and the probate proceedings closed. When the abstract of title was perfected and delivered to plaintiff according to the terms of the contract she submitted it to her attorneys for examination and upon their advice defendant Ollie Crossley was requested to furnish quitclaim deeds from the three children mentioned in the will. These deeds were ultimately procured, but not within the time provided in the contract, but it is the contention of defendants that the title offered was a merchantable title, and a proper disposition of this appeal depends upon whether the abstract offered showed a merchantable title.

It was not seriously contended by the attorneys who examined the abstract that the title was defective, as evidenced by the language used in their written report to their clients wherein they stated:

"* * * While it might be contended that the will and the probate proceedings in connection therewith are sufficient to vest the title to said one-half interest in Ollie Crossley, nevertheless we would require that the three children hereinbefore mentioned join with her in her deed of conveyance."

It appears that there were negotiations back and forth for several months in which the buyer was negotiating with a loan company for a loan on the property and the abstract was misplaced and nowhere does the record show that the title offered was definitely rejected or that plaintiff offered to comply with the terms of the contract upon conveyance by merchantable title. It does appear, however, that the seller was at all times ready and willing, and ultimately did, tender a deed which she claimed conveyed merchantable title.

A similar question to the question presented here was considered by this court in Roberson v. Hurst, 80 Okla. 115, 190 Pac. 402. In that case the will contained this language:

"All of my real estate of any kind and every kind shall go to my said wife, Henryetta Roberson, and her three minor children.* * *My said wife, Henryetta Roberson, shall have full control and management of my entire estate after my death and so long as she may live with full power and authority to lease, let and rent any of my real estate and if in her opinion it shall be necessary for the support, education and maintenance of her minor children, or either of them as for the best interest of my said estate, she shall have the full power to sell any part of my estate and if she shall so prefer to reinvest the proceeds of said estate for the benefit of herself and her minor children."

And in commenting on this provision of the will, this court, speaking through Mr. Justice Kane, said:

"It seems to us that the effect of these provisions of the will is to vest the estate in Mrs. Roberson in fee, with a contingent remainder to the heirs. The only limitations imposed upon the authority of Mrs. Roberson to deal with this lot were whether in her opinion such action was necessary for the support, education, and maintenance of her minor children or for the best interest of the estate. If these circumstances existed, and there is no contention that they did not, it seems to us that Mrs. Roberson exercised full control over the lot; to lease, let, or sell the same in precisely the same manner as an owner in absolute fee simple."

This authority was cited and followed in Riley v. Collier, 111 Okla. 130, 238 Pac. 491, and upon these authorities we reach the conclusion that the title offered by defendant was a merchantable title and that the trial court committed no error in so finding, and the judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 38 Cyc. p. 1477.