YOST et al. v. CASSEL et al.

No. 35542. April 14, 1953.

255 P. 2d 914.

Murphy & Firestone, Kingfisher, for plaintiffs in error.

J. L. Pazoureck, El Reno, for defendants in error.

DAVISON, J. This is an action in partition wherein all of the parties, both plaintiff and defendant, are the children and heirs, or their grantees, of John C. Moore, and/or his wife, Linnie Moore, both deceased, the original owners of the real estate involved which they occupied as a homestead until their respective deaths. It was brought by the only two children who were still minors, by one of their sisters as next friend, who, with two of the adult brothers, joined, individual-

ly, as party plaintiff. Upon motions of the guardian of their estates and the guardian of their persons, the two minors were substituted as parties defendant instead of plaintiff. The other children of the original owners were also defendants. The plaintiffs sought a decree quieting title to, and an order for partition of, the property involved, consisting of some 80 acres in Canadian county, Oklahoma. The trial court granted the quiet title decree, fixing the proportion or part of the realty owned by each of the parties, but denied the order for partition. From such denial the plaintiffs have appealed.

The sole question for determination is the extent of jurisdiction of the district court to order partition of lands occupied by their deceased parents as a homestead at the time of their deaths, during the minority of some of the children who survived them.

The tract of land here involved was owned by John C. Moore when he died testate, leaving said property to the two minor plaintiffs, Benjamin Thomas Moore and Kenneth Earl Neal Moore, subject to life estate bequeathed to his wife, Linnie Moore. She elected to take under the statutes of intestate succession and an undivided one-third interest was distributed to her. She died seized of that estate which descended in equal shares to her ten children, Marjorie Ruth Moore, Odus Ray Moore, Lois Lucille Moore, Lawrence Everett Moore, Della Hazel Foster, Raymon Lee Moore, Harold Dean Moore, Esther Marie Moore, Benjamin Thomas Moore, and Kenneth Earl Moore. Thus the above-named minors became the owners of an 11/30ths undivided interest each and the other eight children became the owners of a 1/30th undivided interest each in said land, which was the family homestead at the time of the deaths of Mr. and Mrs. Moore. In 1940, at the time of the death of Mrs. Moore, the plaintiff, Esther Marie Yost, and the two minor plaintiffs and two other of the children were living there. Immediately thereafter, said minors were sent to California to live with a half-sister and, some four or five years later, they were moved to Louisiana to live with another half-sister, the defendant Maggie Cassel. They were still living with the said Maggie Cassel at the time of the trial of this case, and were then sixteen and nineteen years of age, respectively. The defendant Barney McCabe was the guardian in succession of their estates. He was collecting the rental of about $500 yearly, and after paying taxes and expenses, the remaining amount thereof was used for the support of said minors.

That part of section 311 of Title 58, O.S. 1941, controlling in situations of this kind, provides:

"* * * upon the death of both husband and wife, the children may continue to possess and occupy the whole homestead until the youngest child becomes of age."

That statute was adopted from the laws of the Dakotas, coming by way of its adoption by California. At an early date in the case of Hoppe v. Hoppe, 104 Cal. 94, 37 P. 894, the California court, in discussing the import of the provisions in connection with an action for partition, made the following pronouncement:

"* * * The homestead is a place of abode for the family, and no act of any member of the family can in any way prejudice the rights of the others to occupy it. It must remain intact until the youngest child has reached its majority. Hence, it is not competent for either of the other cotenants to have a partition until that period has been reached. * * *"

It is a sound rule that:

"An action for the partition of a homestead set apart for the 'use of the surviving wife and minor children' will not lie until the children have reached their majority." Hoppe v. Hoppe, supra.

The fact that the minors had not occupied the property after their mother's

death has no effect on the proposition. In the case of Rockwood v. St. John's Estate, 10 Okla. 476, 62 P. 277, the Territorial Court held that where, immediately after the death of the surviving parent, the minor children were removed from the homestead owned and occupied by the parents, "and a guardian was appointed for the minor children, who in that capacity has been leasing the land and collecting the rents therefrom, but has not occupied the same, nor have any of said minor children occupied said land as a residence since the death of their father; held, that such removal of the minor heirs from the land does not constitute a waiver or abandonment of the homestead; and further held that personal 'possession and occupancy' of the land by either the minor heirs or their guardian was not necessary, * * * to preserve the homestead character of the land for the minor heirs."

In the body of the opinion in the St. John's case, supra, it was said:

"* * * The right to the homestead by the minor children is not dependent upon the actual 'possession and occupancy' of the land by them. They can neither waive nor abandon their right to the homestead. Their right depends upon their minority, which cannot be forfeited or taken away * * *."

That expression of the law was quoted and affirmed by this court in the case of Hembree v. Magnolia Petroleum Co., 176 Okla. 524, 56 P. 2d 851.

Where a spouse survives, his or her rights to possess the homestead is founded upon the same statute and are protected to the same extent as the rights of minors. The only material difference is that the surviving spouse, being an adult, may abandon or forfeit the rights much more easily. But unless there is an abandonment, the courts grant the same protection under the statute. As to partition of a homestead occupied by a surviving spouse, this court in the case of Holmes v. Holmes, 27 Okla. 140, 111 P. 220, held:

"Where a wife occupies as a home the homestead set apart by order of the probate court from the estate of her deceased husband for the use of herself as a home, the same is not liable to partition at a suit of the heirs of the deceased husband."

and in the case of Pennington v. Woodner-McGaugh, 54 Okla. 110, 153 P. 875, it was held that:

"* * * and we find nothing in the record to estop the defendant in error from her statutory right to continue to possess and occupy the homestead. This being the case the rule is well settled that the same cannot be partitioned at the suit of any of the heirs."

When the trial court substituted the minors, by the guardians of their persons and estates, as parties defendant instead of plaintiff, this action became one prosecuted by three of the adult heirs of Mrs. Moore against the minors and others as defendants. Since under the rule in the Rockwood v. St. John's case, supra, there was no abandonment of the lands as a homestead by the minors, the same was not subject to partition upon application by other heirs. The trial court was correct in refusing to order a partition.

The judgment is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. WELCH, J., concurs in result.