## Armstrong v. Armstrong, et al.

(Decided November 23, 1920.)

### Appeal from Mercer Circuit Court.

Wills—Trustee of Express Trust.—A clause of a will, devising all the property of the testatrix "to my beloved husband A for the care and support of my children," vests the legal title in the husband who holds the property for the use and benefit of the children of the testatrix, and the husband takes no beneficial interest in the property but is the trustee of an express trust.

E. H. GAITHER for appellant.

J. F. VANARSDELL for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In January, 1912, Ella F. Armstrong, wife of John L. Armstrong, of Mercer County, Kentucky, made a will whereby she disposed of all her property. The testamentary paper reads as follows:

"Realizing the uncertainty of life, I Ella F. Armstrong of Mercer county, Ky., do make and publish this my last will and testament:

"1st. I will and direct that all of my just debts and funeral expenses be paid, and that a suitable stone be erected over my grave.

"2nd. The remainder of my property, both real and personal I give and bequeath to my beloved husband, John L. Armstrong, for the care and support of my children. I request that the court appoint my husband, John L. Armstrong my administrator and request that no bond be required of him."

This paper was duly probated by the Mercer county court, and John L. Armstrong took charge of the property of his wife under the will and is now claiming it as his own as against the children of Mrs. Armstrong mentioned in the will. This action was instituted by Armstrong against his children to obtain a construction of the will and to determine what interest he has in the lands and personal property disposed of by that paper. The only part of the will in question is the first sentence of paragraph two, which reads: "The remainder of my property, both real and personal, I give and bequeath to my beloved husband, John L. Armstrong, for the care and support of my children." Mrs. Armstrong

owned a small farm and some personal property. It is the contention of the children of Armstrong that he took the legal title to the property under the will for their use and benefit, while he claims the will invested him with absolute title to the property subject only to a lien for the care and support of the children. The lower court took this view and rendered a judgment holding John L. Armstrong "the owner in fee of all the real estate and personal property owned by the deceased and devised under said will, but that the said landed estate is in lien for the reasonable support and care of the infant defendants, Doris M. and John C. Armstrong, until they arrive at the age of twenty-one years."

Manifestly the testatrix intended by the will to invest her husband with the legal title to her property for the use and benefit of her two children, thus making him a trustee of an express trust and did not intend to give him the property in fee. This is made certain by the language of the second paragraph quoted above. She gave all her property, both real and personal, to her husband, John L. Armstrong, for a certain named purpose—"the care and support of my children." If she had given the property to Armstrong in fee this would have been perfectly expressed by the words "the remainder of my property both real and personal I give and bequeath to my beloved husband, John L. Armstrong," but she did not stop with this. She states the purpose for which the property is given. Nor does she limit the extent of the care and support which he is to give nor the period of its duration.

In the case of O'Riley, &c. v. McKiernan, &c., 90 Ky. 116, in construing a similar provision in a will we arrived at the conclusion that the property devised was held in trust for the benefit of the devisees, saying: "This is simply a devise in trust for the benefit of the wife and children, and if the name of a stranger had been inserted as the trustee instead of the wife, there could be no trouble in arriving at the intention of the testator."

John L. Armstrong took no interest in the property under and by virtue of the will except as holder of the legal title for the use and benefit of the defendant, who are his infant children. The judgment is therefore reversed for proceedings consistent with this opinion.

Judgment reversed.