### LUSK et al. v. GREEN et al.

No. 14036—Opinion Filed Feb. 23, 1926.

(Syllabus.)

1. **Oil and Gas—Joint Lease by Husband and Wife on Separately Owned Non-Contiguous Tracts — Separate Royalty Interests.**

Where a husband and wife, each owning a tract of land not contiguous but several miles apart, execute an oil and gas mining lease, and each tract is separately described in and covered by the same lease contract, it will not be presumed that either intended to convey to the other a royalty interest in his or her land, unless there is some affirmative evidence evincing such intention.

2. **Executors and Administrators—Decree of Distribution—Conclusiveness.**

In the settlement of the estates of decedents, where the county court enters its decree of distribution distributing the estate, such decree is conclusive as to the rights of heirs, legatees, and devisees, subject only to be reversed, set aside, or modified on appeal.

Error from District Court, Noble County; J. W. Bird, Judge.

Action by M. S. Lusk and M. J. Lusk against Rufus G. Green et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Bellatti & Brown, for plaintiffs in error.

W. M. Bowles and L. O. Louthan, for defendants in error.

PHELPS, J. Selah Lusk and Susan Lusk were husband and wife. Selah Lusk was the owner of a tract of land consisting of 160 acres described as the southwest quarter of section 26, township 24 north, range 2 W., I. M., and Susan Lusk was the owner of a tract of land consisting of 160 acres described as the northwest quarter of section 32, township 24 north, range 1 W., I. M., both tracts being located in Noble county, Okla. They executed an oil and gas mineral lease covering both tracts of land, which instrument they both signed and acknowledged. Susan Lusk died, and a one-fifth interest in her quarter section of land descended to her husband, Selah Lusk. Selah Lusk then died, leaving a will, making certain bequests, and then providing that the residue and remainder of his estate go to his two sons, M. S. Lusk and M. J. Lusk, and when his estate was

finally distributed under the terms of the will the county court made its finding that the two sons, M. S. Lusk and M. J. Lusk, had conveyed the one-fifth interest thus inherited by Selah Lusk from his deceased wife and going to them under the terms of the will, to Claud Macy, and a title thereto was by the county court decreed to be in said Claud Macy. The land formerly owned by Susan Lusk was developed under the lease executed by Selah Lusk and Susan Lusk and became productive of oil and gas, the royalties therefrom going to the heirs or assigns of Susan Lusk. Plaintiffs in error, M. S. Lusk and M. J. Lusk, then brought their action in the district court of Noble county against the defendants in error, claiming that the leases covering the two tracts of land having been jointly executed by their father, Selah Lusk, and his wife, Susan Lusk, they thereby became joint owners of the royalty interest of both tracts of land: that their deceased father would have been entitled to share equally with his wife in the royalties had they both lived, and, therefore, under the terms of his will, making them the residuary legatees, they were entitled to a one-half interest in such royalties, and prayed judgment therefor.

The district court sustained a demurrer to their petition, to reverse which ruling the case is appealed here.

Plaintiffs in error cite Harness v. Eastern Oil Co., 49 W. Va. 232, 38 S. E. 662; Wettengel v. Gormley (Pa.) 28 Atl. 934; Higgins v. California Petroleum & Asphalt Co. (Cal.) 41 Pac. 1087, and Gillette v. Mitchell (Tex.) 214 S. W. 619, but an examination of all these authorities discloses a different state of facts from that disclosed by the record in this case. In the case at bar the two tracts of land were several miles apart and there is no intimation in the record that it was the intention of the lessors for each to share in the other's royalties.

It is the contention of defendants in error that the lease in question was not a joint lease in the sense that the lessors each intended to convey to the other an undivided half interest of the royalties.

No decisions of this court on this question are cited in the briefs, and we assume, therefore, that this question has never been before this court. As shedding some light, however, on the attitude of this court, defendants in error cite Kimbley v. Luckey, 72 Okla. 217, 179 Pac. 928, in the syllabus of which this court said:

"Where an oil and gas lease is made to extend to the heirs, administrators, and assigns of both lessor and lessee, and before the discovery and production of oil or gas thereon a third party purchases a portion of the leased premises, each owner is ordinarily entitled to the profits and royalties arising and accruing from the oil and gas produced on his tract, free of any claim or demand of the other.

"Where a tract of land subject to an oil and gas lease is subdivided by the owner and lessor by selling a portion thereof, the purchaser of such portion takes the same subject to such lease; and, should the lessee therein thereafter discover and produce oil or gas from the residue of the leased premises, such purchaser is not entitled to an apportionment or share of the royalties accruing from the oil and gas produced thereon."

Under the decisions cited by plaintiffs in error, as between the lessee and lessor in a joint lease, the development of one tract is sufficient to prevent the lease from lapsing as to the other; however, under the state of facts disclosed by the record in this case, we are willing to say that, because the lessors executed a lease covering their respective tracts of land, which were not contiguous but several miles apart, on the same piece of paper, they thereby each intended to convey to the other a half interest in the royalties.

It is further contended by defendants in error that, since the county court in its decree in the settlement of the estate of Susan Lusk set apart to M. S. Lusk and M. J. Lusk, plaintiffs in error, all the right, title, interest, and estate due them in the land in question to their grantee, Claud May, their entire interest was thereby disposed of, and that they are barred from asserting any further interest therein.

Section 1360, Comp. Stats. 1921, provides that:

"In the order or decree the court must name the persons and the proportions or parts to which each shall be entitled; and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal."

And it is the contention of defendants in error that the county court, in making distribution under the residuary clause of Selah Lusk's will, determined that M. S. Lusk and M. J. Lusk were entitled to only a one-fifth interest in this tract of land, and that, since they accepted this interest under the

decree of the court, they are precluded from asserting any further interest therein.

Section 1367, Comp. Stats. 1921, provides that:

"Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees, or devisees may have conveyed their shares to other persons, and such shares must be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs, legatees, or devisees."

And the court's decree recites that:

"The court finds that in addition to the above described property the said Selah Lusk, testate, deceased, was seized of an undivided one-fifth interest in and to the northwest quarter of section 32, township 24 north, range 1 west, of the Indian Meridian, Noble county, Okla.; and that by the terms and conditions of said will, that the interest therein became the property of M. J. Lusk and M. S. Lusk. That the said M. J. Lusk and M. S. Lusk, as Melville J. Lusk and Myrow S. Lusk, by their respective quitclaim deeds, conveyed their interest in and to said above described tract of land to one Claud Macy and that said deeds have been duly recorded in book 28 at pages 326 and 327, respectively, in the office of the county clerk of the county of Noble, state of Oklahoma, and that by reason of said conveyance, the title in and to said undivided one-fifth interest therein is vested absolutely in the said Claud Macy, and that the said conveyance be, and the same is hereby confirmed, and that said heirs and legatees have no right, title, or interest in or to said above described real estate.

"It is further ordered, adjudged, and decreed by the court that the title in and to an undivided one-fifth interest of the northwest quarter of section 32, township 24, range 1 west, by reason of the conveyance hereinbefore stated, vests absolutely in Claud Macy, and that by reason of said conveyance the said Melville J. Lusk and Myrow S. Lusk sold, transferred, and conveyed all their right, title, and interest in and to said tract of land."

Therefore, from the record before us, we conclude, in the first place, that the lease covering the two tracts of land was not a joint lease in the sense that either was entitled to share in the royalties from the other's land, and even if it had been, plaintiffs in error having accepted the portion of Susan Lusk's land distributed to their grantee by the decree of the county court, and such decree not having been appealed from and having become final, they are bound thereby, and the district court of Noble county committed no error in sustaining the demurrer to their petition, and the same is therefore affirmed.

NICHOLSON, C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 27 Cyc. p. 742 (Anno). (2) 24 C. J. p. 528 § 1400; 11 R. C. L. p. 183; 2 R. C. L. Supp. p. 1219; 5 R. C. L. Supp. p. 602.