## DODD v. KANE et al.

No. 33695.   May 31, 1950.

*218 P. 2d 1047.*

A. S. Wells, of Wells & Wells, of Seminole, for plaintiff in error.

Bill Biggers, of Wewoka, for defendants in error.

WELCH, J.   Berl Dodd commenced this action against C. C. Kane and Floyd Good for the declaration of a trust. At trial the following state of facts was shown:

On March 21, 1945, the plaintiff purchased an oil and gas lease covering a certain described 40-acre tract of land. The lease was for a term of one year commencing on March 21, 1945, said term to be extended if drilling operations be commenced during the term and be continued with due diligence and for as long as oil or gas be produced as a result of such operation. It was provided that the lessors, owners of the mineral interests in the land, should receive the equal of one-eighth part of the minerals produced from the premises free and clear of all drilling and production costs.

In September, 1945, the plaintiff sold and assigned his interest in the lease except that he retained an overriding one-sixteenth of the lessee's seven-eighths working interest in all oil and gas produced thereunder.

In March, 1946, the defendant Floyd Good entered upon the leased premises and opened a road and dug a slush pit and set a surface pipe or casing such as is ordinarily done preliminary to a drilling operation. Such activity was completed prior to March 21st and no other work was done toward drilling a well on the premises during the year 1946. The defendant Good performed the work on the premises in March, 1946, under a contract of employment with the defendant C. C. Kane and one Jack White, partners and owners of the lease under the assignment from the plaintiff. On May 6, 1946, in a proceeding and controversy between Kane and White, the defendant Good was by the court appointed general receiver over the Kane-White partnership properties. Thereafter, in November, 1946, such receiver at public auction offered for sale certain properties as the property of the partnership which were bid in by the defendant Kane. The conveyance executed by the receiver to Kane included the assigned lease with the provision for retention of an undivided one-sixteenth overriding royalty to the plaintiff.

In January, 1947, and before his discharge as receiver, the defendant Good purchased an oil and gas lease covering the certain 40-acre tract from owners of mineral interests in the land, said owners being the same parties as had executed the lease to the plaintiff in March, 1945. Good, thereafter sold and assigned his leasehold interest to the defendant Kane and others, but retained a fractional interest dependent upon certain contingencies in production thereunder. Thereafter, in 1947, Kane and other parties commenced a drilling operation on the land which resulted in the production of oil from the premises.

Judgment was entered for the defendants denying the plaintiff's claim of an overriding royalty interest in the oil and gas produced from the premises and decreeing the lease purchased by the defendant Floyd Good to be valid and clear of any overriding royalty interest of the plaintiff.

The plaintiff assigns error and asserts "the one question in this case is:"

"Error of law holding that a receiver as an officer of the court, can deal with the property over which he is receiver, to his own benefit, and the benefit of certain individuals involved, to the detriment of others equally involved."

Hereunder the plaintiff states:

"The lease in question was in proven territory with offset wells on two sides. C. C. Kane and Jack White were the owners of this lease and Floyd Good was the receiver. Berl Dodd had assigned this lease to the partnership of C. C. Kane and Jack White reserving unto himself a one-sixteenth overriding interest in and to the seven-eighths working interest. While the properties were in litigation and while Floyd Good was receiver, the parties in order to protect the lease from expiration for failure to develop had the receiver to stake a location, build a road, dig a cellar and set surface pipe. Then they refused to do more and wait and have Floyd Good go to see the owners of the land and get a new lease

in his own name and then assign a certain interest to C. C. Kane and he furnishes the money to drill a producing well and then he and his associates pay Floyd Good a sum of money and become the owners thereof excluding Berl Dodd from his overriding interest. . . ."

The statement that location was staked and road built and cellar dug and that surface pipe was set on the leased premises at a time when the defendant Good was a receiver of the lease estate is contrary to the record herein. We find no direct evidence to support the plaintiff's stated conclusion that there was fraud and collusion practiced between one of the co-owners of his assigned lease and the receiver to deprive the plaintiff of his reserved interest, and we find no direct evidence to support an application of the rule of law relied on by the plaintiff, that a receiver cannot deal with property over which he is receiver for his own benefit.

In Johnson et al. v. Rowe et al., 185 Okla. 60, 89 P. 2d 955, it is said in the syllabus:

"The onus of establishing a constructive trust lies upon him who seeks its enforcement, and before a court of equity would be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

In paragraph two of the syllabus it was said:

"In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are against the clear weight of the evidence."

Herein, the trial court made findings to the effect that the oil and gas lease obtained by the plaintiff on March 21, 1945, expired under its terms and from lack of development of the leased premises before May 6, 1946, the date the defendant Good became a general receiver over the Kane-White partnership properties; that the lease assigned by the plaintiff, although treated by the receiver Good as an asset of the partnership, had nonetheless expired and become ineffective before the defendant Good obtained a lease in his own name in January, 1947; that the defendant Good was acting in his individual capacity and purchased the lease in good faith and at a time when his trust estate had no interest or claim on the lands covered by his lease.

The evidence, and the clear weight thereof, support these findings of the trial court and support the judgment entered.

The judgment is affirmed.

CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.