PRESTON et ux. v. ROSS et al.

No. 34153.   Oct. 2, 1951.

*236 P. 2d 244.*

A. K. Little and L. D. Hoyt, Oklahoma City, for plaintiffs in error.

Hall & Cotten, Oklahoma City, for defendants in error.

DAVISON, J.  This is a suit wherein R. S. Ross and his wife, C. M. Ross, as plaintiffs, seek to quiet their title to an undivided 30-acre mineral interest in a 320-acre tract of land in Payne county, Oklahoma, as against W. A. Preston and his wife, Margaret Preston, defendants. The parties will be referred to as they appeared in the trial court.

The uncontroverted facts are that this half section of land was owned in fee by one C. A. McKenzie and, in about 1938, the land was drilled for oil but the well was dry. Through the efforts of plaintiffs and defendants, an agreement to drill a well upon the property was secured from the Sunray Oil Company, pursuant to which McKenzie, in November, 1943, executed an oil and gas lease on the property to said company, who did drill and complete a producing oil well in March, 1944. As consideration for negotiating this lease, it, the Sunray Oil Company, agreed to pay the defendant W. A. Preston $500 upon approval of title and $500 if the well produced oil or gas in paying quantities, and, in addition, if the well produced oil or gas in paying quantities, to execute an assignment of oil payment of 1/16 of 7/8 of the first oil or gas produced until the sum of $50,000 had been received thereunder.  The oil company performed these requirements. The defendant W. A. Preston authorized the assignment of a one-half interest in the $50,000 oil payments to the plaintiffs, which assignment was

duly executed, recorded and delivered to plaintiffs. On May 10, 1944, the above-named McKenzie conveyed, by mineral deed to plaintiffs, a 3/32 undivided interest in the oil, gas and other minerals in the 320-acre tract.

It is the title to this undivided 30-acre interest which plaintiffs seek, by this suit, to quiet as against all claims or interest of the defendants. The defendants take the position that, at the solicitation of plaintiffs, they undertook a joint venture with them to promote the drilling of an oil well on the McKenzie property with the understanding that all profits were to be equally divided; that the conveyance of the 30-acre mineral interest to plaintiffs by McKenzie was made upon the sole consideration of the successful drilling of said land for oil and gas and the same constituted a part of the profits of the joint venture; that plaintiffs took and held title thereto, and received all royalty payments thereon, in trust for and on behalf of said joint venture. Defendants prayed that it be so decreed and that plaintiffs account for the royalty payments received.

In reply, plaintiffs contend that the dealings and agreements between them and defendants were in reference only to the leasehold interest in the property and that the royalty interest was the subject of separate, individual, personal transactions between plaintiffs and McKenzie.

The testimony of the parties was sharply conflicting with regard to the negotiations and transactions had prior to and leading toward the successful drilling of the property for oil and definitely supported their respective positions and contentions. The testimony of C. A. McKenzie, the owner and lessor of the lands involved, was to the effect that he had known the plaintiffs, Dr. and Mrs. Ross for a number of years; that the drilling of the dry hole in 1938 was the result of the efforts of Dr. Ross who thereafter continued to exert himself toward effecting the drilling of another well; that witness agreed to execute the lease here involved only upon condition that any remuneration to be received by Dr. Ross would have to be paid by the lessee oil company; that witness never did offer or promise to give Ross any royalty; that after the property was developed, witness, solely through long personal friendship for Dr. and Mrs. Ross, and without any obligation or promise on his part and without any other consideration, executed the deed in question to the Rosses, had the instrument recorded, and paid the gift tax thereon; that witness delivered the recorded deed to them with the request that "I wanted them to keep it and not convey it to anybody, sell it or mortgage it and keep it for themselves."

It makes little difference whether the relationship between the parties be determined to be that of joint adventurers or that of employer and employee. In its final analysis, the sole question presented here is: Did plaintiffs hold title to the royalty interest in trust for all parties? The trial court found that they did not.

The rules of law applicable to such situations are clearly established in this jurisdiction and are set out in the case of Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955, a case similar in many respects to the instant one. Therein it was said:

"We believe the rule relating to the proof of the existence of a constructive trust stated in Hayden v. Dannenberg, 42 Okla. 776, 143 P. 859, Ann. Cas. 1916D, 1191, is the proper rule and the one applicable to this section. It is: 'A constructive trust may be established by parol evidence, but the law for the safety of titles requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust rests upon him who seeks its enforcement, and, before a court of equity would be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive.'

"The duty of first determining whether the evidence of one seeking to

establish a constructive trust by parol evidence meets the test just stated naturally falls upon the trial judge. The action is one of equitable cognizance, and the trial judge sits without a jury unless he wishes a jury in an advisory capacity. Therefore, on appeal from the judgment in a case of this nature, the judgment of the trial court must be scrutinized by this court but only in the light of the well known rules. One rule may be stated thus: In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are against the clear weight of the evidence. Melton v. Whitney, 164 Okla. 220, 23 P. 2d 660, and numerous cases cites in West Oklahoma Digest, Appeal & Error, Key Number 1009(4)."

These statements of the law were reaffirmed in the recent case of Dodd v. Kane, 203 Okla. 156, 218 P. 2d 1047.

We have reviewed the entire record in the case at bar which clearly discloses that the judgment and findings of the trial court are not against the clear weight of the evidence.

The judgment is affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur.