**HITT v. HITT et al.**

No. 35359.

Supreme Court of Oklahoma.
April 21, 1953.

Rehearing Denied June 30, 1953.

C. E. Allen and John R. Woodard, Tulsa, for plaintiff in error.

James B. Coppedge, Tulsa, for defendants in error.

CORN, Justice.

The factual background providing the basis for this appeal may be stated briefly as follows. William L. Hitt, resident of Tulsa, Oklahoma, died intestate December 14, 1937. He left an estate composed principally of a dwelling located in that city, such property being the subject of this controversy. Surviving heirs and next of kin were his wife (Florence) and three adult sons, Earl, Robert and George. The eldest son, Earl, resident of Bartlesville, Oklahoma, was appointed administrator by consent of the parties. No proceedings were had in the county court to have the property set aside to the widow as homestead.

When William Hitt died the property was valued at about $2,100, but was encumbered by a mortgage of approximately $1,600. The house was in a poor state of repair and barely worth the amount of the mortgage indebtedness. For approximately two years following his death the premises were occupied by the Robert Hitt family and the mother, plaintiff herein. No loan payments had been made subsequent to June, 1939, and the property was in danger of foreclosure.

In September, 1939, the Robert Hitt family purchased a home, and accompanied by plaintiff, moved out of the house, leaving the property vacant. Thereupon a family meeting was held to determine what should be done with the property. As a result of this conference it was mutually agreed the property would be deeded to Earl Hitt. Pursuant to such agreement plaintiff, joined by the other sons and their wives, executed a warranty deed to Earl Hitt (October 20, 1939) which was recorded in January, 1940. It was this transaction, culminating in execution of the deed, which provided the basis for this litigation.

The final decree of the probate court, approving the account and ordering distribution, found the administrator had collected $2,475.05 as the proceeds of deceased's life insurance. During administration of the estate there had been cash disbursements to the widow, the plaintiff, and the administrator had loaned $250 to Robert Hitt at plaintiff's request, which sum remained unpaid. The final account showed the total disbursements exceeded receipts by approximately $60.

The final decree approving the administrator's account and ordering distribution recited the above matters, ordered the note assigned to plaintiff, and also recognized that the administrator had advanced $365 to plaintiff out of his own funds, for which the administrator made no claim for disbursement. The court decreed that Earl Hitt, the administrator, owned the property involved, subject to the mortgage indebtedness, by virtue of the conveyance executed by all other heirs. The court then assigned an undivided ⅗ interest in the remainder of the estate to the plaintiff, and an undivided ⅕ interest to each of the brothers. This final decree was never appealed from, set aside or modified.

Earl Hitt took charge of the property, refinanced the indebtedness by securing a new loan in his name, and upon his own credit and by expenditure of personal funds repaired the house in an effort to put the premises in a rentable condition. It was not a paying proposition and in 1943 he leased the property to a governmental housing agency for a seven year term. Earl Hitt died in April, 1946, leaving as heirs and next of kin his wife Jessie, and three adult sons, all of whom are defendants herein. The wife was appointed administratrix of his estate, and when offered for probate the property herein involved was included in the inventory, and listed therein at a value of $10,000. By March, 1951, the indebtedness had been reduced to approximately $965.

In December, 1946, the plaintiff, joined by the son Robert and Doris Driggs, formerly Hitt, filed suit alleging the warranty deed was executed only as a matter of convenience to expedite the handling of this property; that Earl Hitt accepted such conveyance as a trustee, which fact he acknowledged in a letter, which he attached to the deed, stating that when the property

was extricated from the mortgage difficulty he would convey back to each the proper share of the inheritance, or, if desired, would convey the entire estate to plaintiff. Further, that such letter had been lost, but by reason thereof Earl Hitt was trustee for plaintiff and others; that prior to his death he orally agreed to reconvey but had neglected to do this. Plaintiff ask the court to recognize the trusteeship and that the purpose had been accomplished and declare same at an end; that title be confirmed in the parties as tenants in common according to their interests as heirs, subject to the lease and outstanding mortgage indebtedness.

Defendants' answer, filed January 30, 1947, admitted the plaintiff's claim as next of kin and that the property had been conveyed to Earl Hitt, but alleged the entire legal and equitable title vested in Earl Hitt, subject to the mortgage, from date of the deed until his death, at which time title vested in defendant, his administratrix.

The case came on for hearing April 24, 1951, and plaintiffs requested written findings of fact and conclusions of law. The trial court heard testimony offered by plaintiffs in an effort to establish that the matter was discussed and Earl Hitt agreed to reconvey the property when the financial difficulties were solved; that each signed the deed with this understanding and would not have signed the deed had it not been so understood; attached to the deed was a letter from Earl Hitt acknowledging such to be the agreement; the sole purpose of deeding the property was to facilitate handling of the financial affairs. Plaintiffs' witnesses each testified to substantially the foregoing matters. Defendants' objections to most of such testimony were sustained on the grounds of incompetency of the witnesses to testify to discussions and transactions with Earl Hitt because of the inhibition contained in 12 O.S.1951 § 384, commonly referred to as the "dead man's statute". At the close of plaintiffs' evidence the defendants' demurrer thereto was overruled and the case continued until a later date, plaintiffs having closed their case.

April 27, 1951, the matter came on for further hearing. The trial court permitted plaintiffs to reopen the case and file disclaimers on behalf of Robert Hitt and Doris Driggs (formerly Hitt) and then allowed the matter to proceed in behalf of Florence Hitt alone. Over defendants' objections plaintiff was granted leave to amend her petition by alleging the agreement respecting this property was between plaintiff and Earl Hitt; that he was to hold the property as trustee and so acknowledged in a writing which had been lost; that he orally acknowledged his obligation to reconvey but failed to do so before his death. Plaintiff asked that this trusteeship be declared ended and that she be decreed to be the owner of fee-simple title, subject to the existing mortgage, and to have her title quieted. Defendants' objections to the amendment were overruled. Defendants then made general denial, and again alleged full legal and equitable title vested in Earl Hitt under the deed, and that upon his death same passed to his wife as administratrix.

There was a great amount of testimony given in an effort to establish that Earl Hitt only took title to the property as a matter of convenience, and had been heard to express the intention to reconvey the property to plaintiff. There also was testimony that Earl Hitt had repaired the house but did not make major repairs or improvements. Plaintiffs also attempted to show, as a circumstance upholding their theory that Earl Hitt took title merely as a convenience in handling the property, that upon his death William L. Hitt left life insurance in an amount greater than the mortgage upon this property. There was further testimony that the property was worth some $10,000, at the time of trial, although another witness for plaintiff fixed the value at from $4,000–$5,000.

For defendants the evidence may be summarized by pointing out that it controverted plaintiff's evidence of any agreement between Earl Hitt and his mother and brothers to handle the property and later reconvey to them. It was shown that, following execution of the deed, Earl Hitt refinanced the property and paid off the original loan and then carried on certain repairs upon the property in an effort to en-

hance its rental value. At another time he renegotiated a mortgage and used the additional money upon the house. He also pledged his personal credit for other repair work and made payments out of his personal funds. From the record it appears that the property was rather run down and had lost its desirability as rental property, producing only $89 per month rentals as a "tri-plex" unit, out of which certain bills had to be paid.

Defendant testified there was no agreement by Earl Hitt to reconvey the property, and that he took the property over when foreclosure was threatened only after his brothers refused to do this. They paid for considerable repairs to the property and kept up the loan payments. At the close of the evidence the trial court took the case under advisement.

When the matter next was heard (May 25, 1951) the plaintiff filed an amended reply setting up that this deed was not intended as an absolute conveyance, but was intended only to vest title for the purpose alleged in the petition, and if such deed was given as an absolute conveyance same was void by reason of having been procured by fraud, no consideration having been paid and the grantee having taken advantage of his confidential relationship as administrator to secure same. Defendants' motion to strike this reply upon the grounds same constituted a departure from the cause of action originally relied upon was overruled.

After hearing all the evidence the trial court found the facts to be substantially as related heretofore; and that the evidence did not establish that Earl Hitt acknowledged he would take and hold this property as trustee to protect it against the mortgage or to refinance same and then reconvey the property back to plaintiff or the other heirs. The court concluded as a matter of law that plaintiff had failed to show such matters by preponderance of the evidence and so could not prevail, and thereupon entered judgment quieting title to this property in defendants.

Plaintiff filed lengthy exceptions to the trial court's findings and conclusions, based upon the court's failure to find; (1) that

Earl Hitt was appointed administrator of the estate of William Hitt and the deed was executed by the other heirs and this plaintiff; (2) that the deed was executed while Earl Hitt was acting as administrator; (3) that there was ample insurance money on hand in the estate to have paid the mortgage indebtedness; (4) that Earl Hitt paid any valuable consideration to the other heirs for the deed; (5) whether he purchased from other heirs while they were sui juris, without undue influence and under circumstances which were completely fair as regarded the whole transaction; (6) the finding that Earl Hitt never acknowledged he was holding the property as trustee was insufficient to dispose of plaintiff's theory that since he purchased while serving as administrator, contrary to provisions of statute, he became a trustee for the others, and the court should have put the burden upon defendants to establish that taking of the deed was fair, equitable, and for valuable consideration; (7) trial court should have found that burden shifted to defendants, who failed to produce evidence to sustain the validity or equity of the deed.

Upon hearing plaintiff's motion for new trial the court stated certain findings had not been made. The court thereupon found that Earl Hitt was appointed administrator of the estate of William Hitt, and the deed in question was executed October 20, 1939, by plaintiff and the other heirs, who were joined in such conveyance by their wives, while Earl Hitt still was acting as administrator of the estate. The court then refused to make any further findings, other than to find the issues generally for defendants. Plaintiff properly saved the record in respect to all such matters. Judgment was entered for defendants, quieting title as against any party claiming any interest and particularly the plaintiff or anyone claiming through her; that the defendants were the heirs of Earl Hitt, and quieted title and right of possession in them, as against anyone claiming by or through the plaintiff.

■ On appeal plaintiff contends that the judgment rendered is contrary to the law and the evidence. During the trial

defendants contended that the final decree in the estate of William Hitt was final and unappealed from and so not subject to collateral attack in the instant proceedings. In response to this plaintiff asserts that in Oklahoma a probate court has no jurisdiction to add to, or detract from title to real property, and that any attempt to do this always is subject to attack in a proper action. In an effort to support such argument plaintiff relies upon cases from this court to the effect that a probate court is without jurisdiction to create a title to real estate. See Byers v. Brinlee, 157 Okl. 72, 10 P.2d 690; Stevens v. Patten, 174 Okl. 582, 50 P.2d 1106; Odle v. Baskins, 190 Okl. 664, 126 P.2d 276.

The argument is without merit. Rather than being authority for plaintiff's contention it appears that our decision in the Baskin case, supra, effectively forecloses plaintiff's contention. That case presented a situation closely analogous to that revealed in the present case, except that the proceedings in the probate court concerned a will and the court's order of distribution was in compliance with the provisions of that instrument. Two of the legatees had quitclaimed their distributive shares to the defendant, also a legatee, before final distribution. The county court took no note of such conveyances and on final distribution assigned such interests to the legatees, who then brought an action against their grantee seeking to recover such interests. The district court did not recognize the conveyances, but treated the order of the county court as a finality and awarded each legatee the distributive share previously conveyed to defendant.

In reversing the trial court's judgment we pointed out that a devisee may convey property prior to final distribution by the probate court, and upon distribution the court should assign to such grantee the interest previously conveyed. But the failure to assign such interest docs not adversely affect the grantee's title. See Parks v. Lefeber, 162 Okl. 265, 20 P.2d 179, 86 A.L.R. 392; 58 O.S.1951 § 644. The rule so announced would apply with equal force in instances where one takes

under the laws of intestacy. See also Lusk v. Green, 114 Okl. 113, 245 P. 636.

Plaintiff also urges that the judgment is contrary to the evidence, the argument being that the evidence was sufficient to establish a resulting trust in favor of plaintiff. The argument is that our statute, 58 O.S.1951 § 496, prohibited Earl Hitt from purchasing property of the estate which he represented. Cited in support of this argument is Hutson v. McConnell, Adm'r, 139 Okl. 240, 281 P. 760; and Wiggins v. Wiggins, 176 Okl. 221, 55 P.2d 119.

These decisions do not sustain plaintiff's contention. The Hutson case, supra, announces the rule that an administrator may purchase an heir's interest in an estate if the heir is sui juris and not under disability, in the absence of fraud, concealment, misrepresentation or undue influence. Study of that decision immediately reveals the inapplicability to the present case. Herein no sale took place. The property in question was in financial distress. There was evidence that the other heirs declined Earl Hitt's offer for one of them to take over the property. The dilapidated condition of the house, valued not greatly in excess of the mortgage, did not present an attractive picture and they declined the offer. Most certainly there was no concealment or overreaching, for they all knew the physical and financial condition of the property. Under these circumstances they willingly deeded their inheritable share of the property to Earl Hitt who, by expenditure of his own efforts and money, was able to avert imminent foreclosure. No sale took place and by plaintiff's evidence, none was contemplated. However, passing over the matter of a sale, the rule is that an administrator may purchase where the limitations announced in the Hutson case, supra, are fully met. The evidence herein was sufficient to support the trial court's findings that the entire transaction was fair and open. Also see Wiggins v. Wiggins, supra; Dees v. Dees, 169 Okl. 598, 38 P.2d 508.

We have carefully reviewed a lengthy record. This was an equity case, and in such instances the rule is that this

court will examine the entire record and weigh the evidence, but will not disturb the judgment unless it is clearly against the weight of the evidence. Preston v. Ross, 205 Okl. 164, 236 P.2d 244, 245:

> "In cases of equitable cognizance, such as an action for declaration of a trust, this court will examine and weigh the evidence, but will not disturb the trial court's findings and judgment unless it appears that they are against the clear weight of the evidence."

The evidence was in severe conflict. It would be of no value to set forth in detail the conflicting testimony offered by each side respecting each aspect of this entire transaction. Each party presented testimony relative to each phase of the matter in an effort to support the particular theory relied upon. It is sufficient to note that the matters reflected in this record amply support the trial court's findings and judgment.

Plaintiff also urges that reversible error was committed by the trial court in failing and refusing to make complete findings of fact and conclusion of law under the evidence presented at the trial. Such complaint arises from the following circumstances. At the beginning of the trial a request was made for the court to enter written findings of fact and conclusions of law. Upon submission of the case the court found the issues generally for defendant. Plaintiff filed motion for new trial and pointed out her theory of the case and the court then made some findings and conclusions of law. Plaintiff took exceptions thereto and served same upon the trial court and also filed a second motion for new trial because the court had made findings and conclusions which were deemed insufficient. Exceptions to the court's findings were presented and the court supplied additional findings, whereupon plaintiff filed a third motion for new trial.

It is plaintiff's argument that the court failed to find that: Earl Hitt paid an adequate consideration for the deed out of his own funds, whether what he paid was disproportionate to the value of the property; that the grantees were sui juris at the time this deed was executed; that the matter was so explained as to make the grantors chargeable with the consequences of their acts. Summed up, this argument is that the trial court failed to find the facts in favor of plaintiff. The trial court stated, after acceding to plaintiff's requests by making additional findings of fact, that he found the issues generally in favor of defendants. The rule is that a general finding is deemed to include a special finding upon every issue of fact necessary to sustain the judgment rendered. Wahby v. Renegar, 199 Okl. 191, 185 P.2d 184. The judgment of the trial court is not clearly against the weight of the evidence.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.