**John W. RITTER, Sr., Appellee,**

v.

**Kathleen QUINN, Appellant.**

**No. 46345.**

Court of Appeals of Oklahoma,
Division No. 1.

March 5, 1974.

Rehearing Denied March 19, 1974.

Certiorari Denied April 30, 1974.

Released for Publication by Order of Court
of Appeals May 2, 1974.

Park, Nelson & Caywood, by Robert B. Park, Chickasha, for appellee.

Eugene P. Ledbetter, Jr., Oklahoma City, for appellant.

BOX, Presiding Judge:

Appeal from order of trial court denying appellant's motion for a new trial.

When this action was commenced on February 22, 1971, appellant Kathleen Quinn was the record owner of certain property jointly with her brother John W. Ritter, Jr. This property, described as

The W½ of NW¼ of NE¼, and S½ of NE¼ of NW½, and NW¼ of NW¼ of SE¼ of Section 28, Township 5 North, Range 7 West, Grady County, Oklahoma, (41.46 acres, more or less) and The N½ of SW¼, and S½ of NW¼ of SE¼, and W½ of SW¼ of SE¼ of Section 21, Township 5 North, Range 7 West, Grady County, Oklahoma, (111.10 acres, more or less) and The S½ of NE¼ of NW¼, and N½ of SE¼ of NW¼ of Section 29, Township 5 North, Range 7 West, Grady County, Oklahoma, (40 acres, more or less).

was conveyed to Mrs. Quinn and Mr. Ritter by John W. Ritter, Sr. by warranty deed on March 20, 1967. John W. Ritter, Sr., appellee, contended in his petition that at the time of his conveyance to Mrs. Quinn and Mr. Ritter, Jr. it was agreed by all of the parties that the property would be reconveyed to Mr. Ritter, Sr. on his demand.

The record revealed that demand had been made on both John W. Ritter, Jr. and Kathleen Quinn by John W. Ritter, Sr. for the property to be reconveyed. John W. Ritter, Jr. agreed to reconvey the property to his father, John W. Ritter, Sr. Mrs. Quinn refused to do so and this suit was brought to impose a trust and a reconveyance.

In the trial before the court, the evidence was conflicting concerning an agreement to reconvey the property. There was no controversy over the fact that the property was conveyed by Mr. Ritter, Sr. in or-

der to attempt to place this property out of the reach of those who might sue him in the future. After all of the evidence and argument, the trial court found for the plaintiff, John W. Ritter, Sr. and ordered that Kathleen Quinn, defendant, reconvey the property in question to the plaintiff.

■ The first contention of the appellant on appeal is that "there was no agreement by the defendant to reconvey the property to the plaintiff." Appellant cites no authority for this proposition. The Supreme Court has said at page 905 of Marshall v. Amos, 471 P.2d 896 (1970),

> "In Hitt v. Hitt, Okl., 258 P.2d 599, we held that it is for the trial court in a case of equitable cognizance to determine the credibility of the witnesses and the weight and value to be given to the testimony."

We find no reason to disturb the findings of the trial court as to an issue of fact, such as this.

The second proposition of the appellant is as follows:

> "The property involved in this action was devised to the plaintiff in trust, with the use and all of the income going to the plaintiff during his lifetime, and at his death, the surface of the property was to go to defendant and John W. Ritter, Jr., and the minerals divided among all four Ritter children."

Appellant contends that the various letters of John W. Ritter, Sr., which indicate a wish on his part to carry out the wishes of his deceased wife, constitute a trust. This also is a matter on which the evidence was in conflict at the trial court. We find no error in the ruling of the trial court in this regard.

■ The third contention of appellant is that,

> "This action, sounding in equity to impose a trust upon real estate, cannot be maintained by the plaintiff because he does not come into court with clean hands for the reason that the conveyance was made by plaintiff to defraud his creditors."

Appellant contends that the transfer of the title to the property in question was in order to defraud those who might sue Mr. Ritter, Sr., as a result of an automobile accident. The record fails to show whether a claim was ever made against Mr. Ritter, Sr., from this accident or that there were any creditors defrauded by this transfer. The Supreme Court has said in Jones v. Jones, 290 P.2d 757 (1955), at page 760,

> "It was there (Gilpatrick v. Hatter, Okl., 258 P.2d 1200) held that, 'Moreover, the general rule is that he who asserts that a transfer is fraudulent as to creditors must assume the burden of such proof. This defendant failed to do. Noble v. Johnson, 145 Okl. 46, 291 P. 26; Smith v. Felkel, 91 Okl. 184, 217 P. 196. Furthermore, where there are no actual creditors to be defrauded and there is only a mental purpose to hinder an imaginary creditor, equity will not withhold relief. Hickey v. Ross, 197 Okl. 543, 172 P.2d 771.'"

We find that the intention of John W. Ritter, Sr. to conceal his property from the grasp of a possible claimant is not sufficient to bar him from receiving relief from a court of equity. The Supreme Court has held in Smith v. Williamson, 208 Okl. 323, 256 P.2d 174 (1953) in Syllabus 5:

> "The doctrine of 'clean hands' is not rigid, and it does not operate so as to repel all sinners from a court of equity; as the doctrine is aimed at securing justice and equity, not to aid any one to acquire property in which she has no right."

We therefore find that the ruling of the trial court was proper and is hereby affirmed.

Affirmed.

ROMANG and BAILEY, JJ., concur.